UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

MICHELLE DAVENPORT,

         Debtor.

_____/

Case No. 19-00685-swd
Hon. Scott W. Dales
Chapter 13

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                  Chief United States Bankruptcy Judge

After the court entered its Order Dismissing Chapter 13 Case (ECF No. 63), USADebt Bankruptcy Attorneys (the "Firm"), counsel for the Debtor, filed a Motion to Request Hearing to Consider Revesting of Estate Property Under 11 U.S.C. § 349(b)(3) (ECF No. 64, the "Motion"). The court reviewed the Motion and set the matter for hearing which took place by remote means (Zoom) on March 21, 2023.  The Firm and chapter 13 trustee Brett N. Rodgers ("Trustee") appeared through counsel.

At the hearing, Mr. Shephard, for the Firm, requested that the funds his client remitted to the Trustee after the petition date, and that remain in the Trustee's possession, be returned to the Firm, rather than the Debtor, to pay the outstanding attorney fees incurred during the case.  The Trustee took no position, and his counsel indicated that her client is holding funds sufficient to cover the legal fees.

As the court has tried to make clear,  when dismissal brings a case to an end, "courts should limit the effects of the case and their previously exclusive *in rem* jurisdiction over property formerly within the estate, returning the parties to their prior positions as far as possible, governed by applicable non-bankruptcy law." *In re Gonzales*, 578 B.R. 627, 632 (Bankr. W.D. Mich. 2017).

The Firm is familiar with the court's position on this matter, having filed, and lost, a number of similar motions as the court hewed to its decision in *Gonzales*. *See, e.g., In re Reilly*, No. 17-02411-DG, 2018 WL 6584776, at *1 (Bankr. W.D. Mich. Dec. 12, 2018); *In re Buchanan*, No. 14-06089-DG, 2019 WL 1090167 (Bankr. W.D. Mich. March 7, 2019).  Given the rationale of *Gonzales*, the court does not regard the Firm's efforts to be paid ahead of the Debtor or her

creditors (through the offices of the Bankruptcy Court) as "cause" to prevent the Debtor's post-petition wages from revesting in her, as 11 U.S.C. § 349 presumptively suggests.

Therefore, to avoid giving the Firm any bankruptcy-related advantage over the Debtor or her creditors, the court will deny the Motion for the reasons set forth above.

Nevertheless, as the court noted during the hearing, it is willing to direct the Trustee to remit the remaining funds to the Firm which, acting as Debtor's lawyer-agent, shall deposit them into the Firm's trust account in keeping with the letter and spirit of M.R.P.C. 1.15(b) (Safekeeping Property). With dismissal, the federal interest in the funds has come to an end, and state law must now supply the rule of decision. 28 U.S.C. § 1652.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED, and the Trustee shall remit any funds on hand to counsel for the Debtor who shall deposit the funds in counsel's trust account for further distribution in accordance with applicable non-bankruptcy law.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtor, Jeremy Shephard, Esq., Brett N. Rodgers, Esq., and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated March 22, 2023**



Scott W. Dales
United States Bankruptcy Judge